IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL DONN BARTZ,

                Plaintiff,

v.

MELINDA DERUS, *et al.*,

                Defendants.

OPINION and ORDER

24-cv-398-wmc

---

Plaintiff Michael Donn Bartz, representing himself, has filed a civil rights lawsuit claiming that defendants violated his constitutional rights by denying him accommodations for physical impairments caused by degenerative disc disease in his cervical spine. This order addresses Bartz's motions for: (1) the implementation of special filing procedures, Dkt. 58; (2) subpoenas duces tecum, Dkt. 59; and (3) to compel discovery responses, Dkt. 54.[1] For the following reasons, the court GRANTS the motion to compel in part as explained below and DENIES Bartz's motions in all other respects.

ANALYSIS

**A. Motion for the implementation of special filing procedures, Dkt. 58**

Bartz is incarcerated at Jackson Correctional Institution. He seeks an order allowing him to submit his court filings electronically rather than having to rely on his institution to process and mail his filings to this court. In support, Bartz says that he has no prompt means to confirm that the court has received his filings and that prison mail processing at Jackson has

---

[1] Bartz has also filed a second motion to compel, Dkt. 63, that is not yet fully briefed. The court will address that motion in a separate order after it is under advisement.

been unreliable. Dkt. 58 at 1. Specifically, Bartz notes that he mailed a motion for a subpoena to the court on April 21, 2025, but that the clerk's office reported on May 8, 2025, that the motion had not yet been received.

Bartz's institution does not participate in the Prisoner E-Filing Program, and the court will not order an exception in this case.[2] The court docketed Bartz's motion for subpoena on May 19, 2025, nearly a month after Bartz says he placed it in the prison mailing system. Dkt. 59. The court will order defense counsel to inquire with the institution about this alleged mailing delay and provide a response to Bartz, but Bartz has not shown that he has been prejudiced in this lawsuit by that or any other mailing delays. If mailing delays ever do cause him difficulty in meeting a court deadline, he may request an extension of time for good cause.

As far as confirmation of filing, Bartz may include with his court filings an extra cover page or extra first page of the filing and a self-addressed stamped envelope. The clerk's office will then file-stamp the submission upon receipt and return that extra page to him in the pre-paid envelope.

**B. Motion for subpoenas duces tecum and for in camera inspection, Dkt. 59**

Bartz also seeks to subpoena records from Wisconsin Attorney General Joshua Kaul and Wisconsin Department of Corrections Secretary Jared Hoy concerning an April 9, 2025 neurological examination and functional assessment at a medical center in La Crosse, Wisconsin. Bartz maintains that he did not request this examination, and his health care providers at his institution have never shown any interest in providing such treatment, so he is

---

[2] The Prisoner E-Filing Program in place at participating institutions requires prisoners at those institutions to submit the documents they wish to file with the court to prison staff who then scan and mail the documents to the court. *See* Administrative Order 334, *In Re: Prisoner E-Filing Program*, Western District of Wisconsin (May 11, 2017).

suspicious of their motives for doing so now that he has filed a lawsuit. Bartz has requested a copy of the off-site service request and medical report from defense counsel, but says he received no response.[3]

Rather than subpoena non-party administrators for these records, the court will order defendants to provide them to Bartz. Federal Rule of Civil Procedure 45 governs subpoenas and provides protections for nonparties from "undue burden" and expense when information can be obtained in an easier way. And because medical records related to the treatment of his chronic pain and numbness in his arms and legs caused by his degenerative disc disease are relevant to his claims, the records are discoverable. *See* Fed. R. Civ. P. 26(b)(1) (describing the scope of discovery).

That said, Bartz's request for additional information in the form of all correspondence from any employees or agents of the Wisconsin Department of Justice and the Wisconsin Department of Corrections concerning him, including his physical condition, his need to undergo a neurological examination or assessment, and his litigation efforts, is too broad. Bartz seems to suspect that defendants have ulterior motives for having him examined now that he has filed a lawsuit, but discovery must be proportional to the needs of the case. The court will order defendants to produce all medical records, including staff correspondence and referrals, that are related to the April 9, 2025, medical appointment in La Crosse. If, upon review of

---

[3] Bartz also notes that "any question as to Bartz's current medical condition and treatment of his degenerative disc disease has been suspended pursuant to this Court's January 24, 2025, Preliminary Injunction." Dkt. 59 at 2. But the court imposed a narrow injunction requiring defendants to provide Bartz with a lower-bunk restriction for the duration of this lawsuit—the court did not limit his medical care, Dkt. 45 at 16, which defendants have an ongoing constitutional obligation to provide under the Eighth Amendment, *see Farmer v. Brennan*, 511 U.S. 825, 832 (1970) (inmates are entitled to "adequate food, clothing, shelter, and medical care.").

these materials, Bartz has evidence to support a broader records request, he may send that request to defense counsel.

**C. Motion to compel discovery, Dkt. 54**

Bartz also seeks an order compelling defendants to supplement certain discovery responses to his First Request for Admissions, First Set of Interrogatories, and First Requests for Document Production. Dkt. 54. Bartz attaches an April 6, 2025 letter and his objections that he says he mailed to defense counsel. Dkt. 54-1. He filed his motion to compel, dated April 16, 2025, after not receiving a response.

The court has concerns with the timing of Bartz's motion. The court expects the parties to work together in good faith to keep this case moving forward. Mailing a letter with many discovery complaints and allowing for only ten days to respond falls short of this expectation. Ten days does not account for mail processing delays nor allow defense counsel sufficient time to review and respond to the complaints. Going forward, Bartz must keep in mind mailing delays and time for defense counsel review before availing himself of the court's help. For efficiency, the court will resolve the disputes in the motion to compel, discussed below, but it not be so lenient in the future.

As noted above, the scope of discovery is broad, but discovery must also be proportional to the needs of the case. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope

4

of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). With this standard in mind, the court GRANTS Bartz's motion to compel as follows.[4]

### 1. First Request for Admissions

Bartz challenges defendants' response to his Request for Admission No. 4. That request states:

> At the time of her 2/06/24 evaluation of Bartz, Amanda Luebchow bore a duty to document that Bartz's medical assessment remained unchanged since the previous renewal of his special needs accommodations.

Defendants "ADMIT only what is consistent with Plaintiff's certified medical record, DENY what is inconsistent." Dkt. 54-1 at 2. Bartz fairly points out that this answer is not responsive to the substance of his request concerning the scope of defendant Amanda Luebchow's duties. Because defendants state that they will supplement this response, the court considers this dispute to be moot.

### 2. First Set of Interrogatories

Bartz objects to defendants' responses to Interrogatories Nos. 1, 3, 6, 7(C), and 7(D). Defendants agree to supplement their response to Interrogatory No. 7 in its entirety, so the court will focus its attention on the remaining disputes.

#### a. Interrogatory No. 1

Bartz asks defendants to:

> State all facts, including all expert opinions and any legal basis upon which you intend to support any claim or defense that, at the time of the SNC's 2/29/24 decision, Bartz's medical condition

---

[4] Bartz did not include a copy of all of his requests and all of defendant's responses with his motion to compel. Instead, he included a copy of the specific requests, responses, and objections he says he sent to defense counsel. Dkt. 54-1. Defense counsel does not challenge the accuracy of Bartz's representation of his requests and their responses.

> and his attendant physical impairment did not represent an imminent fall hazard in light of his placement on the upper bunk.

Dkt. 54-1 at 2.

Defendants objected to the interrogatory as "premature," but agreed to "supplement as necessary." *Id.* Bartz counters that defendants could still provide what they know now, but that response may not be accurate or complete. This is a contention interrogatory, a kind of interrogatory "used to elicit a description of the opposing party's theory and proof to be employed." *Tragoszanos v. City of Algoma*, No. 09-C-1028, 2011 WL 2650852, at *1 (E.D. Wis. July 6, 2011). Although routinely used, such interrogatories are most appropriate "toward the close of discovery" to ensure that a party has had enough time to gather all the information to support their claims and defenses and can give a complete response. *Est. of Swayzer v. Clarke*, No. 16-CV-1703, 2019 WL 1980349, at *3 (E.D. Wis. May 3, 2019). Bartz propounded this interrogatory at the beginning of discovery, and defendants have had several months to work on their theory of the case. Moreover, the expert disclosure deadlines have now come and gone, Dkt. 50 at 5, and the dispositive motion deadline is approaching, *id.* at 6. In light of this timing, the court will ORDER defendants to provide their supplement by the deadline below so Bartz may consider it in response to any motion filed by defendants.

### b. Interrogatory No. 3

Bartz also asks for:

> [T]he identities, by name, job title, and job description, of all 'designated responsible staff' at both the JCI facility and Bureau of Health Services levels who are the final authority(ies) in decisions concerning the medical needs of patients, in accordance with DAI Policy 500.01.01.

Dkt. 54-1 at 2. Defendants respond that:

6

> It is unrealistic to list each 'designated responsible staff,' as health care is provided with a team approach; no one person has a final say. The health care team collaborates using their educational knowledge, clinical experiences and makes decisions based upon evidence-based standard of practice.

*Id.* at 3.

Bartz takes issue with defendants' response as describing medical care without "deployable safeguards." Dkt. 54-1 at 3. This is a dispute as to substance, and if Bartz disagrees with the substance of a response, he can argue his position at summary judgment. As to the discovery dispute at hand, Bartz is entitled to know the identities of medical staff who made decisions regarding the medical care at issue in this case, not the care for any and all inmates. Defendants are ORDERED to supplement their answer to this request to clarify whether there are any medical staff at his institution or the Bureau of Health Services who have been designated with final authority on inmate medical needs under DAI Policy 500.01.01 and who used that authority in making decisions regarding the medical care at issue in this case.

### c. Interrogatory No. 6

Bartz's Interrogatory No. 6 asks defendants to:

> State whether and pursuant to what policies, directives, agreements, etc., the Responsible Advanced Care Provider (ACP) bears a duty to supervise and/or intervene regarding the actions and decisions of nursing staff in withholding special needs accommodations or other forms of care provided to inmates at a specific facility.

Dkt. 54-1 at 3. Defendants respond:

> Per DAI 500.30.07: "HSU staff shall see the PIOC and determine if the request is appropriate for the Special Needs Committee review . . . HSU staff may find inadequate documentation of a medical need and refer to the ACP for evaluation."

7

*Id.*

Bartz fairly challenges defendants' answer as unresponsive because defendants do not address the scope of the ACP's duties with respect to special needs requests. Defendants are ORDERED to supplement their response to clarify whether ACPs have any responsibility to supervise or review nursing staff decisions with respect to such requests.

**3. Requests for Document Production**

Bartz objects to defendants' answers to Requests for Production Nos. 1, 2, 3, 6, 9, 10, 11, 12, 14, 15, 16, 17, 18 and 22. Defendants have agreed to supplement their response to Request for Production No. 1, a request for Bartz's medical records, so the court will address the remaining disputes.

**a. Request for Production No. 2**

Following from Request for Production No. 1., Bartz requests "all reports and correspondence pertaining to any and all aspects of Bartz's healthcare" that are not part of his medical records. Dkt. 54-1 at 5. Defendants object to this request as overbroad and vague because Bartz does not define "reports." Defendants have a point in that Bartz must clarify what kind of documents he means. But he has done so in response to the objection, *see id.*, and the court finds his definition reasonable to the extent that he is requesting materials related to the medical care at issue in this case that are not in his medical records, so the court ORDERS defendants to supplement their response to this request to either produce any such responsive documents or to clarify that they have already produced every responsive document in their possession and control. *See* Fed. R. Civ. P. 26(e) (ongoing duty to supplement disclosures and responses).

8

### b. Request for Production No. 3

Bartz requests certain conduct reports, records concerning his attempt to recover his wristwatch, and a Dane County Circuit Court case to review for evidence of "a pattern of abuse," and "discrimination and of retaliatory motives on the part of the defendants and other DOC officials to whom the defendants are subordinate." Dkt. 54-1 at 5. Defendants object to the request as not proportional to the needs of this case and because Bartz should have possession of or access to these documents.

The court will not order defendants to supplement this response. Bartz is not proceeding on retaliation or discrimination claims, nor was he allowed to proceed on a systemic deficiencies claim or as a class representative. Rather, he is proceeding on Eighth Amendment claims and state-law negligence claims concerning his own medical care. The requested documents have little to no bearing on this case, and any minimum probative value is outweighed by the burdens associated with their collection and production. Beyond that, Bartz should be able to obtain these documents himself, assuming he does not already have them.

### c. Request for Production No. 4

Bartz asks for a copy of his entire "security file," but defendants object to this request as "vague" and "ambiguous," and indicate that "no such file exists as described." Dkt. 54-1 at 5. In response, Bartz claims defendants "are well aware of what a Security File is and what it consists of," and seeks this file for the same reason he seeks the reports and legal documents in his Request for Production No. 3 discussed above. Bartz also notes that this court has referred to "security files" in other cases, such as *Newson v. Nickel*, Case No. 12-cv-293-wmc, 2014 WL 4053451 (W.D. Wis. Aug. 15, 2014) (granting summary judgment on plaintiff's retaliation claim).

And as discussed above, Bartz must focus on the discovery he needs to substantiate the claims he has been allowed to proceed on in this lawsuit. This is a medical care case that concerns Bartz's medical care only. Security-related discovery appears to have no bearing on the claims. If Bartz thinks otherwise, he must more precisely describe the documents he seeks so that defendants and the court can better understand their possible relevance. Even if this court may have referenced "security files" in other inmate cases, that does not mean that defense counsel in this case can be presumed to know what documents Bartz is seeking from his own files and why. The court will order no supplementation on this request at this time.

### d. Request for Production No. 6

Bartz requests "records of all inmate complaints submitted by Bartz between April 2019 and the present, including your complete records of all investigations and all correspondence involving same." Dkt. 54-1 at 6. Defendants produced a copy of Bartz's inmate complaint history report, which is a list of the inmate complaints Bartz has filed. Bartz objects because he also requested the complaints themselves along with all the investigative documents each complaint generated.

Bartz is entitled to those inmate complaint materials related to the medical care claims in this case, but this request asks for more than that, and so it is overbroad. Bartz has attempted to narrow the request somewhat by providing a list of 16 specific inmate complaints. *Id.* But it is not clear how he selected these specific complaints or how they relate to the medical care claims at issue here. Defendants assert that none of these complaints bear on this case, Dkt. 55 at 3, and the court agrees that they are not obligated to produce unrelated materials. Accordingly, the court ORDERS defendants to produce only the complaints and

related investigative documents that relate to the claims in this case or to state that no such documents exist.

### e. Request for Production No. 9

Bartz requests "all DAI healthcare and healthcare-related policies; directives, and procedures utilized by the DOC and any of its employees between January 2019 and the present." Dkt. 54-1 at 6. In response, defendants produced six policies and guidelines, and explain that any such materials in effect prior to 2024 are not relevant or proportional to the needs of this case. Bartz objects, stating that he wants "to determine the full extent of the duties the defendants bore and ultimately ignored in the course of causing Bartz's injuries," "to determine standard practices with respect to relevant DAI policies," and asserts that defendant Nicole Trevino has "placed at issue past policies and practices within her Declaration." *Id.* at 7.

The court will order additional supplementation of this request, but only to clarify that there are no responsive documents beyond what has already been produced. Although Trevino references DAI policies from 2023 in her declaration in response to Bartz's request for injunctive relief, those policies were attached and filed with the court, so Bartz should already have copies. Dkt. 22. And while Bartz's medical condition was diagnosed in 2019, the claims in this case concern Bartz's special needs accommodation requests and the Special Needs Committee's denial of those requests in 2024. *See* Dkt. 16 at 3–4 (Bartz "proposes to sue the members of JCI's Special Needs Committee, who refused on February 29, 2024, to review his accommodations for a lower bunk, button-up shirts, and an extra pillow") Dkt. 27, ¶ 154 (allegation that 2024 decision to withhold special needs accommodations is "a recognizable medical autonomy conflict"). Defendants are ORDERED to supplement their response to this

11

request by either producing any other responsive policies in effect in February 2024 or by clarifying that there are no other responsive documents.

### f. Request for Production No. 10

Bartz requests:

> [R]ecords, including all Administrative Rules, Internal Management Procedures, DAI Policies, guidance, correspondence, tutorials, and directives, detailing all assigned duties of the following DOC employees insofar as they relate in any way whatsoever to inmate healthcare and safety issues: Melinda Derus, Erin Dunahay, Eric Speckhart, Chad McCune, Amanda Luebchow, Nicole Trevino, Holly Gunderson, Sarah Cooper, Kevin Garceau, Nicolas Castillo, Tammy Maassen, and Darin Krzyzanowski.

Dkt. 54-1 at 7. Some of these listed individuals are nonparties, and defendants objected to producing the requested materials for them as irrelevant and not proportional to the needs of the case, but they did produce training records for the named defendants. Bartz responds that he wants to determine all the contributing causes to his injuries "due to the deliberate actions or derelictions of all officials who bore any duty whatsoever to ensure Bartz's safety." *Id.* He also notes that one of the defendants, Nicole Trevino, references relying on unspecified "guidance previously received from BHS leadership" in denying Bartz's accommodation requests, but that guidance has not been produced. *Id.*

This request is too broad. Bartz is entitled to review whatever guidance defendants consulted in deciding whether to grant Bartz's accommodation requests, and defendants are ORDERED to produce such guidance to the extent they have not done so already, or to clarify that all responsive documents have been produced. But because Bartz was not granted leave to proceed against Gunderson, Cooper, Garceau, Castillo, Maassen, or Krzyzanowski, he is not

entitled to their training records or other records concerning their duties, and the court will not order that additional production.

### g. Request for Production No. 11

Bartz requests records of all Department of Corrections training completed by defendants and several nonparties. Defendants produced their training records but objected to producing those of the nonparties. Bartz moved to compel materials for two of the nonparties based on a motion to revise the court's screening order and add them as defendants, Dkt. 49, but that motion has since been denied, Dkt. 56. Accordingly, the court considers this dispute to be moot.

### h. Request for Production No. 12

Bartz requests the "curriculum vitae" of defendants and several nonparties. Defendants objected, stating that the documents would contain confidential and sensitive information and directed plaintiff to their response to Interrogatory No. 4 for information about each individual's professional role. Bartz withdraws the request with respect to the nonparties, but explains that he seeks confirmation that defendants "are qualified to administer any of their respective duties much less practice healthcare on human beings." Dkt. 54-1 at 9.

Bartz did not include Interrogatory No. 4 with his materials in support of this motion to compel, so the court cannot determine whether defendants' response to that interrogatory is helpful here. Regardless, the court will not order defendants to produce their CVs, which likely contain personal and sensitive biographical information that could be misused in a correctional setting. Defendant can ask about defendants' professional qualifications in less obtrusive ways, including through requests for admissions.

### i. Request for Production No. 14

Bartz requests "all correspondence generated by all DOC staff between November 2022 and the present that in any refers to Michael D. Bartz #279484." Dkt. 54-1 at 9. Defendants objected on various grounds, including that this request is not proportional to the needs of the case, but searched their own email accounts and produced all emails containing the terms "Michael Bartz," "Bartz," and "279484" between November 1, 2022 and February 1, 2025.

Bartz objects and renews his request with respect to two nonparties based on the motion to amend the complaint and revise the court's screening order, Dkt. 49. As discussed above, that motion has since been denied, Dkt. 56. Accordingly, the court considers this dispute to be moot.

Bartz also requests better copies of previously produced photographs taken immediately following a fall from his bunk on April 1, 2024. It is unclear how this request follows from this request for production, but he notes that the black and white reproductions are of a poor resolution. Given the relevance of these photographs to his claims, the court ORDERS defendants to provide color copies if possible.

### j. Request for Production No. 15

Bartz requests "all movement logs for JCI's Granton building (HSU and RHU) on 4/29/19, 5/14/19, and 2/06/24." Dkt. 54-1 at 9. Defendants object to this request as irrelevant and not proportional, and because these documents would include the Protected Health Information of other inmates accessing medical care on the specified dates.

In response, Bartz asserts that this information will show that one of the defendants was influenced by a nonparty with retaliatory motives with respect to Bartz's special needs accommodation requests. Bartz explains that these logs will show that he did not receive

14

physical therapy on April 29, 2019 despite a nonparty physical therapist's contrary note in his medical record, and that this nonparty then confronted Bartz at his cell on May 14, 2019 after Bartz filed an inmate complaint, requiring the intervention of security staff.  Bartz believes that this nonparty was consulted by a defendant on Bartz's special needs accommodation requests years later in February 2024, who then decided not to refer the requests for further review.  The court understands Bartz's theory to be that his 2019 attempt to have the nonparty physical therapist disciplined for allegedly falsifying medical records influenced the physical therapist's later recommendations to a defendant regarding the renewal of Bartz's special needs accommodations in 2024.

The court will not order the production of these logs because they would require significant redaction to protect the health information of the other inmates seeking healthcare on those dates, and because Bartz has not explained why he cannot use other evidence to support his theory.  For example, Bartz can provide a copy of the inmate complaint he filed about the allegedly false treatment note or any record of security staff intervention when the nonparty physical therapist allegedly confronted Bartz.  Bartz also does not explain the how movement logs would shed light on a conversation that supposedly took place at his cell.  And even if these logs showed that the nonparty physical therapist and the defendant in question were in the Health Services building on the same date in February 2024, that would not also establish that these individuals spoke with each other.  This evidence, and this theory, appear tangential at best to Bartz's claims and the court will not order production of these movement logs.

### k. Request for Production no. 16

Bartz requests "the user's manual and all available tutorial for the cervical traction device that was used on Bartz by JCI's Physical Therapist, Darin Krzyzanowski, on 4/09/19." Dkt. 54-1 at 10. Defendants object on grounds of relevance and proportionality. Bartz responds that he wants to determine whether this nonparty physical therapist properly used the device on him in 2019, and if not, whether improper use contributed to his symptoms and "a pervasive feeling of animus" that may have played a role in the eventual denial of his special needs accommodation requests in 2024. *Id.* at 11.

The court will not order production of these documents because Bartz's foundation for this request is speculative as to causation and too attenuated to be relevant to his claims in this lawsuit given that the potential misuse of a therapeutic device Bartz wants to explore occurred about five years before.

### l. Request for Production No. 17

Bartz requests "records containing any and all directives, revisions, guidelines, procedures, and employee training generated by the DOC/DAI regarding special needs accommodations, the utilization of the Special Needs Committee, and DAI Policy 500.30.07. from 2018 until the present." Dkt. 54-1 at 11. Defendants object to this request as duplicative of Request for Production No. 9, in response to which they produced several policies. In response, Bartz clarifies that while Request No. 9 sought healthcare policies, this request seeks materials that guide the implementation of those policies. To the extent defendants have any responsive documents in their possession and control, the court ORDERS their production. If not, defendants are ORDERED to state that no responsive documents exist.

### m. Request for Production No. 18

Bartz requests "all records generated by the DOC regarding the promulgation, implementation, and utilization of DAI Policies 500.10.01, 500.10.02, 500.10.08, 500.30.07, and 500.30.18." Defendants object to this request as duplicative of Request No. 9. Bartz clarifies that he seeks materials regarding the implementation of these policies. As discussed above, the court limited defendants' production to those policies that were in effect during the relevant time period. To the extent there is some additional material beyond the policies themselves that speak to how the policies were supposed to be implemented during the same relevant time period, the court ORDERS defendants to produce them or to state that no responsive documents exist.

### n. Request for Production No. 22

Finally, Bartz requests "all Notices of Injury and Claim that have been served upon the Office of the Attorney General by Bartz between 2019 and the present." Dkt. 54-1 at 11. Defendants object to this request as overbroad, irrelevant and disproportionate to the needs of the case, and produced the notice of claim regarding the claims in this lawsuit. Bartz clarifies in response that he seeks any Notice of Injury and Claim filed in 2019 concerning treatment he received under the nonparty physical therapist he believes may have influenced one of the defendants to deny his special needs accommodation requests in 2024. Bartz does not explain why he would not have access to his own Notice of Injury and Claim, or why he needs this specific document to support his theory in addition to his inmate complaint alleging falsified medical records. The court will not order additional production in response to this request.

### D. The court's orders

The court ORDERS defendants to supplement their responses as described above by July 7, 2025. Specifically, defendants must supplement their responses to Interrogatories Nos. 1, 3 & 6, and Requests for Production Nos. 2, 6, 9, 10, 14, 17 & 18. After reviewing the supplemental materials, Bartz may send any new or revised discovery requests to defense counsel, who will have 30 days to respond. Bartz must discuss any renewed objections with defense counsel before seeking additional court intervention. As discovery continues, Bartz should keep in mind that to survive summary judgment, he does not need to prove his claims, he need only establish that there is a genuine dispute of material fact for trial. *See* Fed. R. Civ. P. 56(a) (summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Donn Bartz's motion for implementation of special filing procedures, Dkt. 58, is DENIED, but:

   a. Defendants are ORDERED to inquire with Jackson Correctional Institution regarding Bartz's alleged mail delay and to provide a response to Bartz by July 7, 2025.

2. Plaintiff's motion for subpoenas duces tecum, Dkt. 59, is DENIED in part and GRANTED in part as follows:

   a. Within 30 days of this order, defendants shall produce all medical records and institutional staff correspondence, including referral orders, related to Bartz's April 9, 2025 neurological examination and assessment in La Crosse, Wisconsin.

3. Plaintiff's motion to compel, Dkt. 54, is DENIED in part and GRANTED in part as described above. Specifically, defendants must supplement their responses to Interrogatories Nos. 1, 3 & 6, and Requests for Production Nos. 2, 6, 9, 10, 14, 17 & 18 by July 7, 2025. Upon review of the supplemental materials, Bartz may send any new or revised discovery requests to defense counsel, who will have 30 days to respond. Bartz must raise any additional objections with defense counsel before seeking court intervention.

Entered June 13, 2025.

BY THE COURT:

/s/
_____
ANITA MARIE BOOR
Magistrate Judge