IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL DONN BARTZ,

                              Plaintiff,

  v.                                                             OPINION and ORDER

MELINDA DERUS, *et al.*,                          24-cv-398-wmc

                              Defendants.

---

      Plaintiff Michael Donn Bartz, representing himself, has filed a civil rights lawsuit claiming that defendants violated his constitutional rights by denying him accommodations for physical impairments caused by degenerative disc disease in his cervical spine. He has filed for summary judgment in his favor on all of his claims, Dkt. 69, and the court will address that motion in a separate order.

      This order concerns Bartz's motion for sanctions arising from an April 9, 2025 neurological examination and functional assessment of plaintiff at a medical center in La Crosse, Wisconsin. Dkt. 81. In a June 13, 2025 order, I ordered defendants to produce "all medical records, including staff correspondence and referrals, that are related to" that medical appointment, finding discoverable medical records related to the treatment of Bartz's chronic pain and numbness in his arms and legs. Dkt. 66 at 3. Defendants produced the records and correspondence and redacted some portions on the basis of privilege. Bartz now asks for in-camera review of the redacted documents and an order protecting him from additional neurological assessments.

      For the reasons explained below, the motion is GRANTED in part.

RELEVANT BACKGROUND

When Bartz filed this lawsuit, he requested injunctive relief in the form of an order requiring his institution to reinstate certain accommodations, including an extra pillow to alleviate neck pain, button up shirts, and a lower-bunk restriction. Dkts. 4 & 15. These accommodations had been denied by his institution's Special Needs Committee, whose members included defendants Nicole Trevino and Amanda Luebchow. The court held a video hearing on January 23, 2025, and entered a preliminary injunction the next day, requiring defendants to provide Bartz with a lower-bunk restriction for the duration of this lawsuit. Dkt. 45 at 16.

The court did not order any kind of medical examination in its written order, but during the hearing, the presiding judge, Judge Conley, stated that because plaintiff's condition is degenerative, "At minimum I would think the institution needs to -- and the medical people -- need to order a further examination of Mr. Bartz by a neurologist." Dkt. 92 at 12:3–5.[1] In response, Assistant Attorney General Brandon Flugaur conceded that the lower bunk restriction should be reinstated for the time being and that the institution would review the existing neurology report and "determine if they want to have an updated neurological exam." *Id.* at 13:6–7. Bartz did not object.

That same day, January 24, defendant Trevino sent a nondefendant staff member an email regarding the "Court Order" in this case. Dkt. 82-7 at 5. Trevino began the email by stating, "Just keeping you in the loop." *Id.* The remainder of the email is redacted for attorney-client privilege. On January 28, 2025, defendant Luebchow emailed a doctor at Bartz's

---

[1] As a courtesy to Bartz, I will mail him a copy of the transcript along with a copy of this order. The transcript is docketed under seal at Dkt. 92.

2

institution regarding the "Court Order," asked the doctor to "order another Neurology consult per the request of the courts," and inquired whether a neurologist or occupational medicine "would be the one to assess for function." Dkt. 82-7 at 6. The remainder of the email is redacted for attorney-client privilege. In response, the doctor stated that he had "ordered a neurology consult." *Id.* The order indicated that the purpose of the consult was to "assess functional ability related to neck and back diagnosis." Dkt. 82-7 at 4.

Bartz states that he was ordered to report to intake on April 9, 2025, where he was strip searched, placed in full mechanical restraints, and transported to a hospital in La Crosse, Wisconsin, where he underwent a neurological examination. He alleges that he suffered increased neck pain as a result and was denied pain relief until he returned to his institution.

The medical notes from the examination indicate that the medical provider reviewed treatment options with Bartz and refilled his prescription of Aspercreme or lidocaine patches. The provider also noted that Bartz "did not want a physical exam and he has some legal arrangement/issues pending." Dkt. 82-3 at 7.

ANALYSIS

Bartz theorizes that the April 2025 medical examination was conducted at former defense counsel's behest[2] to unlawfully gather evidence of his physical condition for purposes of defending this lawsuit because he did not give permission and there was no court order. He asks the court to: (1) sanction defense counsel for not being forthcoming about her role or

---

[2] Plaintiff believes that Assistant Attorney General Anureet Sandhu was involved in "orchestrating" the medical examination. Dkt. 81 at 7. Attorney Sandhu is no longer representing defendants in this case. Dkt. 88.

3

with information related to the examination; (2) review in-camera the redacted emails to determine the extent of defense counsel's involvement; and (3) impose a protective order prohibiting defendants "from subjecting him to further physical examinations relative to this case in the absence of a properly filed Rule 35 motion and Order of the Court." Dkt. 81 at 1.

In light of the record, there is no basis for any of the requested relief. Bartz theorizes that defendants ordered the neurological examination absent any directive from this court, but the January 23 hearing transcript belies this. As noted above, Judge Conley stated at the injunction hearing, without objection from Bartz, that defendants needed to order another neurological examination of Bartz because his condition is degenerative. To the extent defense counsel reported this information to medical staff at Bartz's institution and gave legal advice regarding the same, it was entirely appropriate for counsel to do that, and it was entirely appropriate for counsel to assert privilege over those communications and redact them before producing them in discovery. *See Upjohn Co. v. United States*, 449 U.S. 383, 394–99 (1981); *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Medical staff then decided to order another neurological examination. Based on this record, there is no basis for the court to find any sanctionable behavior or enter any protective order.

Defendants state that Bartz has now received all of the medical records and staff communications concerning the April 9, 2025 examination. As noted above, some of the communications were redacted for privilege. Bartz doubts the appropriateness of these redactions and asks for in camera review, but "[a] party is not entitled to in camera review simply because [he] asks." *Fiskars Finland Oy Ab v. Woodland Tools Inc.*, No. 22-CV-540-JDP, 2024 WL 3841603, at *5 (W.D. Wis. Aug. 16, 2024) (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989)). Rather, a party must make an initial showing that such a review is

4

warranted, for example, when the court cannot effectively evaluate a privilege claim, when there is evidence of bad faith, or when there is a factual basis to reasonably think the review will turn up evidence of crime or fraud. *Id.* None of those things exist here, so the court will decline to exercise its discretion and conduct an in camera review.

That said, I will grant Bartz's motion in one, narrow respect: it appears that the redacted email information at Dkt. 87-2 concerning the court's order for a neurological examination was forwarded, but the original to/from/date/subject lines were redacted along with the email's contents. *See* Dkt. 87-2 at 5–6. The to/from/date/subject line information, if present in the forwarded email, is not privileged and should be unredacted. I will order defense counsel to produce the email chain to Bartz with that information unredacted if it exists.

If Bartz wishes to pursue claims arising from what allegedly occurred on the day of the neurological examination, he must do so in a separate lawsuit after exhausting his administrative remedies. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendant suits.").

As for this case, I encourage the parties to turn their focus to completing briefing on their motions for summary judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Donn Bartz's motion, Dkt. 81, and supplemental motion, Dkt. 83, for a protective order, in-camera review, and imposition of sanctions are GRANTED in part and DENIED in part as specified above.

2. Defense counsel must produce a copy of the email chain at Dkt. 87-2 with all to/from/date/subject line information redacted or inform plaintiff that no additional such information exists by October 20, 2025.

Entered October 6, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge
